B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>MELLEMA, RYAN | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>MELLEMA, MELISSA, M. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>M & R BUILDERS OF ILLINOIS, INC. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>M & R BUILDERS OF ILLINOIS, INC. |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>5886 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>8901 |
| Street Address of Debtor (No. and Street, City, and State):<br>30W440 MULBERRY DR.<br>WEST CHICAGO, IL<br>ZIP CODE 60185 | Street Address of Joint Debtor (No. and Street, City, and State):<br>30W440 MULBERRY DR.<br>WEST CHICAGO, IL<br>ZIP CODE 60185 |
| County of Residence or of the Principal Place of Business:<br>DUPAGE | County of Residence or of the Principal Place of Business:<br>DUPAGE |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11       Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                        Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ 1-49 | ☑ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☑ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (12/11)    Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>RYAN & MELISSA MELLEMA |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _(signature)_ 7/25/12<br>　　Signature of Attorney for Debtor(s)　　(Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐　Yes, and Exhibit C is attached and made a part of this petition.

☑　No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑　Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑　Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑　Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐　There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐　Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐　Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐　Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐　Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐　Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11) | | Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | RYAN & MELISSA MELLEMA |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney) _____

Date _____

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

**Signature of Attorney***

X _____
Signature of Attorney for Debtor(s)
Gary L. Brunke, Esq.
Printed Name of Attorney for Debtor(s)
Brunke and Gorman, P.C.
Firm Name

1300 E. IRVING PARK RD. #201
STREAMWOOD, IL 60107
Address
630/289-8200
Telephone Number

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re RYAN MELLEMA_____ .                          Case No._____
_____Debtor_____                                          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Rye Muller_

Date: _7·25·12_

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

In re MELISSA MELLEMA _____                    Case No._____
          Debtor                                           (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                              Page 2

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Melissa Mellina*

Date: 7 25 12

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## __Northern__ District Of __Illinois__

In re _____ **RYAN MELLEMA** _____ ,
Debtor

Case No. _____

Chapter _____ **7** _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 123,700.00 | | |
| B - Personal Property | YES | 3 | $ 3,370.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 263,189.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 135,022.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 14 | | $ 293,010.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 3,885.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 3,813.00 |
| TOTAL | | 26 | $ 127,070.00 | $ 691,221.00 | |

FORM B6A
(6/90)

In re:   **RYAN MELLEMA**            **MELISSA M MELLEMA**          .   Case No. _____
          Debtor                                                        (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **30W440 MULBERRY DR. WEST CHICAGO, IL SINGLE FAMILY RESIDENCE** | Co-Owner | J | $ 123,700.00 | $ 250,000.00 |
| | | Total ➢ | $ 123,700.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re   **RYAN MELLEMA**            **MELISSA M MELLEMA**            ·    Case No.

Debtor                                                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **20.00 ON PERSON** | J | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **VARIOUS ITEMS: APPLIANCES, COUCH, CHAIR, BEDROOM FURNITURE, KITCHEN SET W/MISC. UTENCILS @ RESIDENCE.** | J | 375.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **CLOTHING FOR FAMILY OF FIVE.** | J | 100.00 |
| 7. Furs and jewelry. | | **WATCH, RING AND NECKLACE** | J | 125.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

FORM B6B
(10/89)

In re   **RYAN MELLEMA**                      **MELISSA M MELLEMA**                    Case No.   _____
       Debtor                                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

FORM B6B
(10/89)

In re **RYAN MELLEMA**          **MELISSA M MELLEMA**          Case No. _____
_____Debtor_____                                                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | **MICS. CARPENTRY TOOLS** | H | 250.00 |
| | | **MISC. USED STEREO EQUIP FOR DJ BUSINESS** | H | 1,250.00 |
| | | **MISCL. USED STEREO AND DJ EQUIPMENT--WILD CARD EXEMPT.** | H | 1,250.00 |

_2_   continuation sheets attached          Total          $  3,370.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re  **RYAN MELLEMA**          **MELISSA M MELLEMA**          , Case No. _____
          Debtor.                                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).     **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **20.00 ON PERSON** | **735 ILCS 5/12-1001(b)** | 20.00 | 20.00 |
| **CLOTHING FOR FAMILY OF FIVE.** | **735 ILCS 5/12-1001(a),(e)** | 100.00 | 100.00 |
| **MICS. CARPENTRY TOOLS** | **735 ILCS 5/12-1001(d)** | 250.00 | 250.00 |
| **MISC. USED STEREO EQUIP FOR DJ BUSINESS** | **735 ILCS 5/12-1001(d)** | 1,250.00 | 1,250.00 |
| **MISCL. USED STEREO AND DJ EQUIPMENT--WILD CARD EXEMPT.** | **735 ILCS 5/12-1001(b)** | 1,250.00 | 1,250.00 |
| **VARIOUS ITEMS: APPLIANCES, COUCH, CHAIR, BEDROOM FURNITURE, KITCHEN SET W/MISC. UTENCILS @ RESIDENCE.** | **735 ILCS 5/12-1001(b)** | 375.00 | 375.00 |
| **WATCH, RING AND NECKLACE** | **735 ILCS 5/12-1001(b)** | 125.00 | 125.00 |

FORM B6D
(6/90)

In re:   **RYAN MELLEMA**          **MELISSA M MELLEMA** _____ .          Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   0500<br><br>Nationstar Mortgage<br>350 Highland Dr.<br>Lewisville, TX 75067 | | J | 2004<br>Mortgage<br>30W440 MULBERRY DR.<br>WEST CHICAGO, IL<br>SINGLE FAMILY RESIDENCE<br><br>VALUE $123,700.00 | | | | 250,000.00 | 126.300.00 |
| ACCOUNT NO.   7597<br><br>Wyndham Vacation<br>C/o Meridian Financial<br>P.O. Box 1410<br>Ashenville, NC  28802 | | J | Security Agreement<br>Resort Time share<br><br>VALUE $1,000.00 | | | | 13,189.00 | 0.00 |

0 Continuation sheets attached

|  |  |
|---|---|
| Subtotal<br>(Total of this page) | $263,189.00 |
| Total<br>(Use only on last page) | $263,189.00 |

(Report total also on Summary of Schedules)

B6E
(Rev.4/98)

In re:  **RYAN MELLEMA**                    **MELISSA M MELLEMA**                    Case No. _____
_____                    _____
Debtor                                                                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**        (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

FORM B6E - Cont.
(10/89)

In re: **RYAN MELLEMA**          **MELISSA M MELLEMA**          Case No. _____
          Debtor                                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5886<br>Illinois Department of Revenue<br>P.O. Box 19043<br>Springfield, IL 62794-9043 | | J | 2006-2011<br>taxes M&R Builders of Illinois, Inc. | | | | 33,676.00 | 33,676.00 |
| ACCOUNT NO.  5886<br>Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL  60604 | | | 2006-2008<br>Taxes: M&R Builders of Illinois, Inc. | | | | 101,346.00 | 101,346.00 |

Sheet no.  1  of  1  sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal                        $135,022.00
(Total of this page)

Total                          $135,022.00
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9/97)

In re: **RYAN MELLEMA**        **MELISSA M MELLEMA**                    Case No. _____
                    Debtor                                                (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    9579 <br><br>A-1 Repair<br>45 S. Maple St.<br>Elgin, IL 60123 | | | Services | | | | 227.00 |
| ACCOUNT NO.    2340 <br><br>Access One<br>820 W. Jackson Blvd. Sixth Floor<br>Chicago, IL 60607<br><br>Kevin M. Kelly, P.C.<br>10 E. 22nd St. #216<br>Lombard, IL 60148 | | H | Living Expenses | | | | 339.00 |
| ACCOUNT NO.    7980 <br><br>Alexian Bros. Medical<br>800 Biesterfield Rd.<br>Elk Grove Village, IL 60007<br><br>RCS<br>P.O. Box 7229<br>Westchester, IL 60154-7229 | | J | 2009<br>services | | | | 1,129.00 |
| ACCOUNT NO.    5322 <br><br>Alexian Bros. Medical<br>800 Biesterfield Rd.<br>Elk Grove Village, IL 60007<br><br>RCS<br>P.O. Box 7229<br>Westchester, IL 60154-7229 | | W | Services | | | | 163.00 |

_13_  Continuation sheets attached

| | Subtotal | |
|---|---|---|
| | Total | $1,858.00 |

FORM B6F - Cont.
(10-89)

In re: **RYAN MELLEMA**          **MELISSA M MELLEMA**          Case No. _____
_____          _____
Debtor                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   2775 | | W | | | | | 667.00 |
| Alexian Bros. Medical M.S. Gerald & Asso. 332 S. Michigan Ave. Chicago, IL 60604  RCS P.O. Box 1022 Wixom, MI 48392 | | | services | | | | |
| ACCOUNT NO.   A380 | | J | | | | | 140.00 |
| Alexian Brothers Medical Group P.O. Box 843147 Boston, MA  02284-3147 | | | Services | | | | |
| ACCOUNT NO.   8919 | | J | | | | | 11,140.00 |
| American General 373 North Gary Ave. Carol Stream, IL 60188 | | | Personal Loan | | | | |
| ACCOUNT NO.   8919 | | J | | | | | 11,140.00 |
| American General Financial Services 3615 W. 95th Street Evergreen Park, IL 60805-2119  Louis Weinstock Esq. & Laura Hrisko Esq. 20 N. Clark St. #2600 Chicago, IL 60602-4109 | | | loan | | | | |
| ACCOUNT NO.   9888 | | W | | | | | 1,159.00 |
| Asset Acceptance C/O Sentry Credit, Inc. P.O. Box 12070 Everett, WA  98206-2070 | | | living expenses | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | $24,246.00 |
|---|---|---|
| | Total (Use only on last page of the completed Schedule F.) | |

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**                    **MELISSA M MELLEMA**                    Case No. _____
_____            _____ .
Debtor                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    6739 <br> Asset Acceptance LLC <br> C/o Echelon Recovery Inc. <br> P.O. Box 1880 <br> Voorhees, NJ 08043 | | W | Living Expenses | | | | 1,023.00 |
| ACCOUNT NO.    7473 <br> Asset Acceptance, LLC <br> C/O Nes of Ohio <br> 29125 Solon Rd. <br> Solon, OH 44139-3442 | | W | Services/Living Expenes | | | | 1,029.00 |
| ACCOUNT NO.    0880 <br> AT&T <br> C/O E.R.C. <br> 8014 Bayberry Rd. <br> Jacksonville, FL 32256 <br><br> Enhanced Recovery Comp. LLC <br> 8014 Bayberry Rd. <br> Jacksonville, FL 32256-7412 | | W | Living Expenses | | | | 299.00 |
| ACCOUNT NO.    2720 <br> AT&T <br> P.O. Box 5093 <br> Carol Stream, IL 60197 <br><br> Southwest Credit <br> 4120 International Pkway Ste. 1100 <br> Carollton, TX 75007 | | H | Internet | | | | 187.00 |
| ACCOUNT NO. <br> Cassidy Conveyor <br> P.O. Box 1166 <br> Huntley, IL 60142 | | J | Services | | | | 3,928.00 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    | $6,466.00 |

Total
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re: __RYAN MELLEMA_____ __MELISSA M MELLEMA_____. ___ Case No. _____
Debtor                                                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   1666<br><br>**Central Dupage Hospital**<br>**C/O Healthcare Recovery Solutions**<br>**P.O. Box 51315**<br>**Los Angeles, CA 90051-1165** | | H | 2009<br><br>Living Expenses/services | | | | 3,748.00 |
| ACCOUNT NO.   8525<br><br>**Central Dupage Hospital**<br>**P.O. Box 479**<br>**Winfield, IL 60190-0479**<br><br><br>**Merchants' Credit Guide Co.**<br>**223 W. Jackson Blvd. #400**<br>**Chicago, IL 60606** | | W | Services | | | | 2,592.00 |
| ACCOUNT NO.   1422<br><br>**Citi Financial**<br>**1338 N. Roselle Rd.**<br>**Schaumburg, IL 60195-3646**<br><br><br>**United Recovery Systems**<br>**P.O. Box 722929**<br>**Houston, TX 77272-2929** | | J | auto loan | | | | 28,785.00 |
| ACCOUNT NO.   8951<br><br>**Citibank**<br>**Citi Inquiries**<br>**100 Citibank Drive**<br>**San Antonio, TX 78245**<br><br><br>**ELS Collections**<br>**2323 Lake Club Drive #300**<br>**Columbus, OH 43232** | | W | living expenses | | | | 865.00 |

Sheet no. _3_ of _17_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

Total
(Use only on last page of the completed Schedule F.)

$35,990.00

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**          **MELISSA M MELLEMA**          .          Case No. _____

_____Debtor_____                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4615 | | W | | | | | 52.00 |
| Comcast P.O. Box 3005 Southeastern, PA 19398-3005 | | | Services | | | | |
| ACCOUNT NO. 7123 | | H | | | | | 2,543.00 |
| Comcast P.O. Box 3002 Southeastern, PA 19398-3002 | | | Services | | | | |
| Credit Mangmt. P.O. Box 118288 Carrollton, TX 75011-8288 | | | | | | | |
| ACCOUNT NO. 6739 | | W | | | | | 1,029.00 |
| Express C/O NES of Ohio 29125 Solon Rd. Solon, OH 44139 | | | Merchandise | | | | |
| Sentry Credit, Inc. P.O. Box 1880 Voorhees, NJ 08043 | | | | | | | |
| ACCOUNT NO. | | J | | | | | 2,500.00 |
| Felix Concrete and Landscaping Co. 1800 Hollywood Ave. Hanover Park, IL 60133 | | | Services | | | | |

Sheet no. _4_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ►                (Total of this page)

Total ►
(Use only on last page of the completed Schedule F.)

| $6,124.00 |
|---|
| |

FORM B6F - Cont.
(10/89)

In re: __RYAN MELLEMA_____ __MELISSA M MELLEMA_____ .    Case No. _____
             Debtor                                                                 (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | J | | | | | 7,257.00 |
| First Midwest Bank 300 Park Blvd. Itasca, IL 60143 | | | Business Loan M & R Builders of Illinois, Inc. | | | | |
| Trackers Inc. 1970 Spruce Hills Dr. Bettendorf, IA 52722 | | | | | | | |
| ACCOUNT NO. | | J | 6/29/10 | | | | 1,403.00 |
| Frontline Fasteners 951 Old Rand Road #108 Wauconda, IL 60084 | | | Living Expenses | | | | |
| Bochte, Kuzniar & Navigato, P.C. 2580 Foxfield Rd. #200 St. Charles, IL 60174 | | | | | | | |
| ACCOUNT NO. | | J | | | | | 0.00 |
| GE Money Bank Attn. Bankruptcy Dept. P.O. Box 103104 Roswell, GA 30076 | | | Services | | | | |
| ACCOUNT NO. 4668 or 0635 | | H | | | | | 1,205.00 |
| GE Money Bank Attn. Bankruptcy Dept. P.O. Box 103104 Roswell, GA 30076 | | | Service | | | | |
| ARS 2200 E. Devon Ave. #200 DesPlaines, IL 60018 | | | | | | | |

Sheet no. 5 of 7 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ►
(Total of this page)

Total ►
(Use only on last page of the completed Schedule F.)

$9,865.00

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**               **MELISSA M MELLEMA**                    Case No. _____

Debtor                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 8971 or 9314 | | W | Services | | | | 754.00 |
| **GE Money Bank** Attn. Bankruptcy Dept. P.O. Box 103104 Roswell, GA 30076  **MCM** Dept. 12421 P.O. Box 603 Oaks, PA 19456 | | | | | | | |
| **ACCOUNT NO.** | | H | 2006 Services to Wilkin Insulation | | | | 8,960.00 |
| **Hartford Meiers, Inc.** 1301 W. 22nd St. #503 Oak Brook, IL 60523  Law Offices of Richard E. Nawracaj One South Dearborn St. 21st Fl. Chicago, IL 60603 | | | | | | | |
| **ACCOUNT NO.** 7160 | | J | Services | | | | 165.00 |
| **High Yield Industrial Products** P.O. Box 1559 Weaverville, NC 28787 | | | | | | | |
| **ACCOUNT NO.** 3354 | | H | living expenses | | | | 292.00 |
| **Home Depot** Processing Center DesMoines, IA  50364-0500  **TRS** P.O. Box 60022 City of Industry, CA 91716 | | | | | | | |

Sheet no. 6 of 7 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

Total
(Use only on last page of the completed Schedule F.)

| | |
|---|---|
| | $10,171.00 |
| | |

FORM B6F - Cont.
(10/89)

In re: __RYAN MELLEMA__ _____ __MELISSA M MELLEMA__ _____     Case No. _____
       Debtor                                                                                  (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4224 <br> **Impatient Consultants of Illinois** <br> P.O. Box 92934 <br> Los Angeles, CA 90009-2934 | | H | Services | | | | 192.00 |
| ACCOUNT NO.  5417 <br> **Internal Medicine Assoc.** <br> C/O MCS <br> 725 S. Wells St. #501 <br> Chicago, IL  60607 | | W | Services | | | | 52.00 |
| ACCOUNT NO.  5418 <br> **Internal Medicine Assoc.** <br> C/O MCS <br> 725 S. Wells St. #501 <br> Chicago, IL  60607 | | H | Services | | | | 436.00 |
| ACCOUNT NO.  4095 <br> **Jiffy Lube** <br> C/O Sound Billing <br> P.O. Box 620130 <br> Middleton, WI 53562 | | J | 2009 <br> Services | | | | 260.00 |
| ACCOUNT NO. <br> **Kirby, Phelan & Asso.** <br> 170 S. Bloomingdale Rd. <br> Bloomingdale, IL 60108 | | J | Accountant services | | | | 2,700.00 |

Sheet no. _7_ of _12_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) ........................ $3,640.00

Total (Use only on last page of the completed Schedule F.) ........................

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**          **MELISSA M MELLEMA**          Case No. _____
       Debtor                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   7292 or 4356 | | J | | | | | 1,178.00 |
| Lowe's P.O. Box 530914 Atlanta, GA 30353-0914 | | | Merchandise | | | | |
| Enhanced Recovery Comp. LLC 8014 Bayberry Rd. Jacksonville, FL 32256-7412 | | | | | | | |
| ACCOUNT NO.   6404 | | W | | | | | 1,580.00 |
| LVNV Funding LLC P.O. Box 385908 Minneapolis, MN  55438 | | | living expenses | | | | |
| Leading Edge Recovery 5440 N. Cumberland Ave. Ste. 300 Chicago, IL 60656-1490 | | | | | | | |
| Blatt, Hasenmiller, Leibsker & Moore LLC 125 S. Wacker Dr. #400 Chicago, IL 60606 | | | | | | | |
| ACCOUNT NO. | | | 2009 | | | | 58,607.00 |
| Mary Kerfoot 1322 Hampton Lane Schaumburg, IL 60193 | | | Services | | | | |
| Carrie Foley Illinois Attorney General 100 W. Randolph St. Chicago, IL 60601 | | | | | | | |
| ACCOUNT NO.   0307 | | H | 2010 | | | | 24,533.00 |
| McHenry Savings Bank 353 Bank Drive McHenry, IL 60050 | | | boat loan | | | | |

Sheet no. _8_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal ➤
(Total of this page)

$85,898.00

Total ➤
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**        **MELISSA M MELLEMA** ,          Case No. _____
_____Debtor_____                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9591 | | H | check fee | | | | 618.00 |
| Menards P.O. Box 60118 City of Industry, CA 91716 | | | | | | | |
| CLX Systems/Westwood P.O. Box 125 Medina, MN 55340 | | | | | | | |
| ACCOUNT NO. 3290 | | J | Material | | | | 3,304.00 |
| Multiple Concrete Accessories 20284 N. Rand Rd. Palatine, IL 60074 | | | | | | | |
| ACCOUNT NO. 5241 | | W | merchandise | | | | 6,807.00 |
| Nordstrom c/o ARM P.O. Box 129 Thorofare, NJ 08086 | | | | | | | |
| ACCOUNT NO. 4176 | | W | Services | | | | 1,320.00 |
| Northwest Pediatrics C/O Lou Harris & Co. P.O. Box 1284 Northbrook, IL 60065 | | | | | | | |
| ACCOUNT NO. N852 | | H | living expenses | | | | 16,994.00 |
| PFG of Minnesota 7825 Washington Ave. S Ste. 310 Minneapolis, MN 55439 | | | | | | | |

Sheet no. _9_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ⌐           | $29,043.00 |
(Total of this page)

Total ⌐
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA** _____ **MELISSA M MELLEMA** _____ .    Case No. _____
                    Debtor                                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    1188<br><br>**Quest Diagnostics<br>C/o Credit card services<br>Two Wells Ave.<br>Newton, MA 02459** | | W | Services | | | | 100.00 |
| ACCOUNT NO.    4914<br><br>**Quest Diagnostics<br>AMCA  Collection<br>P.O. Box 12135<br>Elmsford, NY  10523-0935** | | W | Services | | | | 10.00 |
| ACCOUNT NO.    7885<br><br>**Quest Diagnostics<br>AMCA  Collection<br>P.O. Box 12135<br>Elmsford, NY  10523-0935** | | W | Services | | | | 250.00 |
| ACCOUNT NO.    4931<br><br>**Quest Diagnostics<br>AMCA  Collection<br>P.O. Box 12135<br>Elmsford, NY  10523-0935** | | W | Services | | | | 90.00 |
| ACCOUNT NO.    9211<br><br>**Sears Mastercard<br>P.O. Box 6276<br>Sioux Falls, SD  57117<br><br><br>Associated Recovery Systems<br>P.O. Box 469046<br>Escondido, CA 92046-9046** | | W | living expenses | | | | 3,795.00 |

Sheet no.  10  of  12  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ⌐
(Total of this page)

Total ⌐
(Use only on last page of the completed Schedule F.)

| $4,245.00 |
|---|

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**                    **MELISSA M MELLEMA**                    Case No. _____
        Debtor                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Selsor's Pumping Service** <br> P.O. Box 9 <br> Wheaton, IL 60187 | | W | Services | | | | 280.00 |
| ACCOUNT NO. 1045 <br> **Supermix** <br> 5435 Bullvalley Rd. <br> Ste. 130 <br> McHenry, IL 60050 | | J | Services | | | | 8,931.00 |
| ACCOUNT NO. 0374 <br> **Target National Bank** <br> P.O. Box 59317 <br> Minneapolis, MN 55459-03176 <br><br> **Northland Group Inc.** <br> P.O. Box 390846 <br> Minneapolis, MN 55439 | | W | living expenses | | | | 876.00 |
| ACCOUNT NO. <br> **Triad** <br> 2775 Norton Creek <br> West Chicago, IL 60185 | | J | rent | | | | 12,544.00 |
| ACCOUNT NO. 7507 <br> **Victoria Secret** <br> C/O Retail Recovery Services <br> 190 Moore St. #201 <br> Hackensack, NJ 07601 | | H | Merchandise | | | | 1,133.00 |

Sheet no. 11 of 12 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▸
(Total of this page)                    | $23,764.00 |

Total ▸
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re: **RYAN MELLEMA**  **MELISSA M MELLEMA** .  Case No. _____

Debtor  (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   2574 | | J | | | | | 17,000.00 |
| Wells Fargo Auto Loans P.O. Box 29704 Phoenix,  AZ  85038-9704  Full Circle Finance P.O. Box 5629 Clearwater, FL 33758 | | | loan | | | | |
| ACCOUNT NO.   5618 | | J | | | | | 9,530.00 |
| Wells Fargo Financial P.O. Box 5943 Sioux Falls, SD 57117  Mercantile P.O. Box 9016 Williamsville, NY 14231 | | | living expenses | | | | |
| ACCOUNT NO.   4366 | | W | | | | | 1,340.00 |
| West Central Anesthesiology P.O. Box 1123 Jackson, MI 49204-1123 | | | Living Expenses | | | | |
| ACCOUNT NO. | | H | 6/29/10 | | | | 8,960.00 |
| Wilkin Insulation Company 501 W. Carboy Rd. Mount Prospect, IL 60056 | | | Services | | | | |
| ACCOUNT NO.   NMLR | | J | | | | | 1,922.00 |
| Yellow Book Attn: Customer Service P.O. Box 3162 Cedar Rapids, IA 52406-3162 | | | Services | | | | |

Sheet no. _12_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    $38,752.00

Total
(Use only on last page of the completed Schedule F.)    $280,062.00

(Report also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9/97)

In re: **Ryan Mellema**          **Melissa M Mellema**                          Case No. _____
_____                          _____              (If known)
            Debtor                                        .

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>*Schwarz Construction*<br>*1185 Carolina Dr.*<br>*W. Chicago, IL 60185* | | | *SERVICES* | | | | *$12,418.00* |
| *Hopaedics, Ltd.*<br>*P.O. Box 661307*<br>*Chicago, IL 60666-1307* | | | | | | | *$530.00* |

*13 of 13* or  Continuation sheets attached

Form B6G
(10/89)

In re: **RYAN MELLEMA**                **MELISSA M MELLEMA**                    Case No. _____
                 Debtor                                                                                     (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: <u>RYAN MELLEMA</u>                    <u>MELISSA M MELLEMA</u>              .   Case No. _____
            Debtor                                                                                              (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re **RYAN MELLEMA**                    **MELISSA M MELLEMA**                Case No.

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: **40**<br>Spouse's Age: **32** | NAMES<br>DM<br>AM<br>AM | AGE<br>8<br>7<br>2 | RELATIONSHIP<br>S0N<br>SON<br>DAUGHTER |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **CONSTRUCTION** | **UNEMPLOYED** |
| Name of Employer | **ALL PRO CONSTRUCTION** | |
| How long employed | **1 YEAR** | |
| Address of Employer | **BURR RIDGE, IL** | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 4,766.00 | $ 0.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 4,766.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 881.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 881.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 3,885.00 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 3,885.00 | $ 0.00 |

TOTAL COMBINED MONTHLY INCOME          $ 3,885.00          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:          **NONE**

Form B6J
(6/90)

In re   **RYAN MELLEMA**          **MELISSA M MELLEMA**          ,   Case No. _____
Debtor                                                                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,745.00 |
| Are real estate taxes included?   Yes ✓   No _____ | | |
| Is property insurance included?   Yes ✓   No _____ | | |
| Utilities   Electricity and heating fuel | $ | 250.00 |
| Water and sewer | $ | 0.00 |
| Telephone | $ | 140.00 |
| Other   **CABLE & INTERNET** | $ | 150.00 |
| Home maintenance (repairs and upkeep) | $ | 50.00 |
| Food | $ | 700.00 |
| Clothing | $ | 50.00 |
| Laundry and dry cleaning | $ | 20.00 |
| Medical and dental expenses | $ | 20.00 |
| Transportation (not including car payments) | $ | 400.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 10.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 0.00 |
| Health | $ | 0.00 |
| Auto | $ | 78.00 |
| Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 200.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other | $ | 0.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 3,813.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each | $ | |

(interval)

**UNITED STATES BANKRUPTCY COURT**

**Northern District of Illinois**
**Eastern Division**

In re:   **RYAN MELLEMA**                         **MELISSA M MELLEMA**              Case No. _____
         **XXX-XX-5886**                               **XXX-XX-8901**                   Chapter      7

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 1,575.00 | **Non-Stop Remodeling** | **2010** |
| 22,660.00 | **ALL PRO CONSTRUCTION** | **2011** |

## 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3. Payments to creditors

None
☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **LVNV FUNDING, LLC V. MELISSA MELLEMA** 2012 SC 002619 | **CIVIL LAWSUIT** | **DUPAGE COUNTY** | **PENDING** |
| **MCCAN INDUSTRIES, INC V. M & R BUILDERS & MELISSA MELLEMA** 2010 SC 008051 | **CIVIL LAWSUIT** | **DUPAGE COUNTY** | **JUDGMENT/CI TATION ORDER** |
| **AMERICAN GENERAL INC. V. MELISSA & RYAN MELLEMA** 2011 M1 116091 | **CIVIL·LAWSUIT** | **COOK COUNTY** | **JUDGMENT** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION. FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | | |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | | | |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Brunke and Gorman, P.C. 1300 E. Irving Park Road Suite 201 Streamwood, IL 60107** | **MARCH 2012** | **1000** |

**10.  Other transfers**

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

**11.  Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **CHASE BANK BLOOMINGDALE, IL** | **CHECKING 7541 ZERO BALANCE** | 3/27/12 |

**12.  Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory ( including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Enivronmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☑

a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director,partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

## 25.  Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceeding the commencement of the case.

| NAME  OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

*[if completed by an individaul or individual  and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    _7-25-12_

Signature of Debtor    _Ryan Mellema_
RYAN MELLEMA

Date    _7-25-12_

Signature of Joint Debtor    _Melissa Mellema_
MELISSA M MELLEMA

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

### Eastern Division

In re:     **RYAN MELLEMA**          **MELISSA M MELLEMA**          Case No. _____
           XXX-XX-5886               XXX-XX-8901                   Chapter   **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 1,000.00 |
| Prior to the filing of this statement I have received | $ | 1,000.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _7-25-12_                          _____
                                          Thomas J. Gorman, Bar No.  6210613

                                          **Brunke and Gorman, P.C.**
                                          Attorney for Debtor(s)

# CONTRACT TO PERFORM LEGAL SERVICES - BANKRUPTCY

I, RYAN AND MELISSA MELLEMA, hereby authorize and employ the law firm of
**GARY L. BRUNKE P.C.,** ("Attorney(s)") to represent me in the following matter:

| BANKRUPTCY:   **CHAPTER 7**;  ASSET / **NO ASSET**; SINGLE / **JOINT**; |
| IN BUSINESS/**NOT IN BUSINESS**; **WITH**/WITHOUT **REAFFIRMATION** |

We HEREBY AGREE to the following terms and conditions of such representation:

1.    After consultation with the Attorneys, client has decided to file for bankruptcy under the above chapter of the United States Bankruptcy Code.  Client agrees to pay a flat fee of $1,000.00 which includes the bankruptcy filing fee for Chapter 7.  To date client has paid $1,000.00 towards client's attorneys fees.  Any unpaid portion of the filing fee in a Chapter 7 case must be paid prior to the filing of client's case.  The balance of the attorneys fees must be paid in full by the filing date.  The Fees I pay to my Attorney which are earned are *non-refundable;.*

2.    **COOPERATION BY CLIENT.** Client must cooperate with GARY L. BRUNKE, by furnishing GARY L. BRUNKE, (if requested) all required information such as pay stubs, titles to vehicles, tax returns, bills, and other documents requested by GARY L. BRUNKE, Client MUST complete all information requested on the "Information Sheet" supplied to client and client hereby acknowledges receipt of the Information Sheet on this date. Client will also cooperate in any required manner to bring this matter to a conclusion, including, but not limited to:  (a) review and execution of the petition and schedules; (b) responding to telephone calls; (c) notifying my Attorney, immediately, of any changes relating to my case or myself (change of address, employment or telephone numbers). Client further understands that filing for bankruptcy can and probably will harm client's credit rating. The bankruptcy will remain on client's credit reports for 10 years; you cannot file a Chapter 7 for another eight years. Clients will further cooperate in attending both credit counseling classes.

3.    **REPRESENTATION AT THE MEETING OF CREDITORS.** GARY L. BRUNKE will attend the 341 hearing which is a meeting of creditors where a trustee appointed by the U.S. Trustee's Office asks client questions. Clients **must attend!** Client must bring a photo identification card *and social security card* with them. Failure to attend 341 hearing may result in dismissal of client's case or other action by the Trustee or Bankruptcy Court. GARY L. BRUNKE may withdraw or demand extra fees if client does not attend hearing. If client fails to attend, or the case is continued due to client's fault, or by the bankruptcy trustee, client must pay to lawyer *$350.00* before the next meeting.

4.    **FRAUD AND OTHER NON-ROUTINE MATTERS.** There are circumstances which may require additional attorneys fees including, but not limited to: (1) Allegations of fraud or non discharge ability (a separate retainer agreement must be signed by client for this service); (2) extra meetings of creditors ($350 per meeting); (3) Negotiating with secured creditors to avoid lift stays ($250 per hour spent by attorney negotiating motion to lift stay); (4) Amendments ($250 per hour plus $20 (filing fees subject to change) to Bankruptcy Court for amending bankruptcy schedules after original filing date); (5) Lien avoidance proceedings ($250 per hour spent by attorney relating to negotiating or preparing documents relating to avoidance of a lien); (7) for each reaffirmation drafted or reviewed there shall be an $250 per hour charge; (8) Representation in other proceedings in Bankruptcy Court, such as an adversarial complaint, brought by clients as the debtor, or against clients by creditors, or the Trustee (a separate retainer agreement must be signed by client for this service and the hourly fee shall be $250 per hour).

5.    **LIENS ON REAL ESTATE.** Liens on any real estate or personal property that client owns are not automatically removed by virtue of client's bankruptcy; although in some instances, procedures can be taken to remove certain liens. It is client's responsibility to provide the attorney with accurate information with respect to liens on personal or real property so that it can be determined if, and to what extent, such liens can be

removed. In those instances where liens cannot be removed, the rights of lien holders in the collateral survive the bankruptcy.

6.     **JUDGMENTS.** If a judgment was taken against client prior to date of filing bankruptcy, the bankruptcy discharge may remove client's liability on the debt; however, the judgment will remain of record, may be a lien on real estate client owns, and may affect title to real estate client subsequently purchases or sells.

7.     **CO-SIGNERS.** Client's discharge in bankruptcy does not affect the creditor's right to pursue any party who may be jointly liable for client's debts.

8.     **DEBTS THAT DO NOT GO AWAY.** Non-dischargeable debts, or debts not affected by client's bankruptcy, include but are not limited to the following:  1) Debts incurred after the bankruptcy case is filed; 2) Some debts to a creditor not listed in client's bankruptcy schedules or listed with an incorrect address (bankruptcy law though typically discharges debt not listed); 3) Alimony, maintenance, or support obligations owing a spouse, former spouse or dependent, or assigned to a public agency; or in some instances, debts to a former spouse for unpaid property division; 4) Criminal or municipal fines or penalties; 5) Debts incurred through fraud;  6) Debts incurred by using a credit card for gambling; 7) Debts incurred by using a credit card (including a cash advance) within 90 days from the date of filing the bankruptcy case; 8) Debts resulting from malicious injury to another or another's property; 9) Debts secured by collateral which client has sold without the creditor's consent; 10) Most student loans; 11) Debts for death or personal injury as a result of the operation of a vehicle while intoxicated; 12) Most taxes including those due less than three years prior to the filing date of client's bankruptcy petition and trust fund taxes.

9.     **CLIENT MUST CONTINUE TO PAY SECURED CREDITORS, UTILITY BILLS, MORTGAGE, CAR PAYMENTS, AND ALL NECESSARY EXPENSES.** Despite filing for bankruptcy, client must continue to pay all secured creditors such as automobile loans, mortgages, home equity, loans, and all necessary expenses such as rent or utility bills. **THE ONLY EXCEPTION** is if client intends to surrender the property in question or avoid a lease in which case client will lose the property in questions and/or have to move out of location where renting. For example, if client does not intend to keep a car (in other words client will be surrendering vehicle), which is being leased or financed, then client may stop making payments but client must agree to surrender car to creditor. Client will surrender:   Time share

10.     **CLIENT ACKNOWLEDGES** GARY L. BRUNKE explained to client the options to eliminate debt including Chapter 13 Bankruptcy and client has read and received this agreement and understands its terms and conditions and agrees to them and that **client must tell the truth! CLIENT ASSUMES ANY RISK OF DELAY** due to changes in law or circumstances, or client's failure to provide accurate and truthful information.

11.     That if I pay by check and my check is returned to Attorney unpaid, I agree to pay:  (i) *$100.00* service fee, and (ii) additional attorney fees and costs incurred by Attorney to collect the amount owed.  The aforementioned may be enforced at the option of GARY L. BRUNKE.

12.     **I HAVE READ AND UNDERSTAND THIS ENTIRE AGREEMENT; AND BY MY SIGNATURE BELOW, AGREE TO BE BOUND.**

Dated this 4th day of June, 2012.

ATTORNEY

CLIENT

CLIENT

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

In re ___RYAN MELLEMA___ ,                          Case No. _____
Debtor                                                      Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br> NATIONSTAR MORTGAGE | **Describe Property Securing Debt:** <br> 30W440 MULBERRY DR. WEST CHICAGO,IL |

Property will be *(check one)*:
    ❏ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
    ❏ Redeem the property
    ☑ Reaffirm the debt
    ❏ Other. Explain _____ (for example, avoid lien
using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☑ Claimed as exempt          ❏ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
    ❏ Surrendered          ❏ Retained

If retaining the property, I intend to *(check at least one)*:
    ❏ Redeem the property
    ❏ Reaffirm the debt
    ❏ Other. Explain _____ (for example, avoid lien
using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ❏ Claimed as exempt          ❏ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                    Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❒ YES        ❒ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❒ YES        ❒ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❒ YES        ❒ NO |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: ___7/25/12___                 _____
                                    Signature of Debtor

                                    _____
                                    Signature of Joint Debtor

B 8 (Official Form 8) (12/08)                                                                                          Page 3

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A -** Continuation

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
   ❏ Surrendered        ❏ Retained

If retaining the property, I intend to *(check at least one)*:
   ❏ Redeem the property
   ❏ Reaffirm the debt
   ❏ Other.  Explain _____ (for example, avoid lien
using 11  U.S.C. § 522(f)).

Property is *(check one)*:
   ❏ Claimed as exempt       ❏ Not claimed as exempt

**PART B -** Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |